IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES L. ANDERSON, 18577-424, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-0099-K |
| | ) | ECF |
| DELBERT G. SAUERS and HARLEY G. LAPPIN, | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.    FACTUAL BACKGROUND**

Plaintiff alleges Defendants violated his civil rights under *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971). Plaintiff is proceeding pro se and the Court has granted him leave to proceed *in forma pauperis*. Process has not issued pending preliminary screening.

Plaintiff is a prisoner in the federal correctional system. He is currently incarcerated at the Metropolitan Correctional Center in Chicago, Illinois. Plaintiff claims that Defendants will be transferring him to a federal penitentiary. He states he is a former gang member and that he provided assistance to the government. He states he will be harmed by other inmates if he is transferred to a penitentiary.

Plaintiff seeks damages of $20,000 for each day that he serves in a penitentiary or for

**Findings, Conclusions and Recommendation
 of the United States Magistrate Judge      Page 1**

each day he must be in administrative segregation at a penitentiary. He also seeks to remain at his current location in the Metropolitan Correctional Center, or be designated to a federal correctional institution rather than a federal penitentiary.

## II.  DISCUSSION

**1.  Screening**

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

**2.      Claims**

Under 18 U.S.C. § 3621(b), the Bureau of Prisons ("BOP") may direct confinement of a prisoner in any available facility and may transfer a prisoner from one facility to another at any time. Federal prisoners generally have no constitutional right to placement in a particular penal institution. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir. 1983).

**Findings, Conclusions and Recommendation**
 **of the United States Magistrate Judge**      Page 2

Additionally, Plaintiff has failed to establish his damages.  Plaintiff's request for relief seeks money damages for his transfer to a penitentiary and an order redesignating his confinement to the Metropolitan Correctional Center in Chicago.  The BOP website, however, shows that Plaintiff has not been transferred out of the Metropolitan Correctional Center.  Plaintiff therefore cannot show he is entitled to damages for being transferred.  Plaintiff's claims should be dismissed.

**RECOMMENDATION**

The Court recommends Plaintiff's complaint be dismissed with prejudice as frivolous.

Signed this 9th day of June, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).